333 F.Supp. 966 (1971)
The WEBB AGENCY, INC., Plaintiff,
v.
COMMERCIAL STANDARD INSURANCE COMPANY, Defendant.
No. 70 C 561(1).
United States District Court, E. D. Missouri, E. D.
October 19, 1971.
Kenney & Reinert, St. Louis, Mo., for plaintiff.
Carter, Bull, Baer, Presberg & Lee, St. Louis, Mo., for defendant.

MEMORANDUM
MEREDITH, Chief Judge.
This cause was tried before the Court without a jury and this memorandum constitutes the Court's findings of fact and conclusions of law.
This is an action by the plaintiff, an insurance agency, for damages and declaratory relief arising from an alleged breach of defendant's insurance contract *967 with plaintiff. Plaintiff is a Missouri corporation; defendant is a Texas corporation; and the amount in controversy is in excess of $10,000, exclusive of interest and costs. Thus, this Court has jurisdiction under Title 28 U.S.C. 1332 on the basis of diversity of citizenship and the amount in controversy.
The facts giving rise to this action are as follows: The defendant, Commercial Standard Insurance Company, wrote and issued in favor of the plaintiff, an "insurance agents' and brokers' errors and omissions policy" No. LIA 2 19 66. L. Gordon Davis, president of the plaintiff corporation, was included as an insured under this policy.
On August 30, 1965, or September 1, 1965, while the above policy was in force, the manager of the plaintiff insurance agency, John P. Carnasiotis (also known as Carnas), issued a preferred risk automobile policy No. 121 59 64 95 in the Commercial Standard Fire and Marine Company, naming Henry Webb (no relation to the plaintiff agency), a customer of plaintiff for several years prior thereto, as the insured and covering a 1962 Chevrolet station wagon as the insured automobile. The Commercial Standard Fire and Marine Company, although a separate corporate entity, has common ownership and management with the defendant, Commercial Standard Insurance Company.
On or about September 1, 1965, this automobile driven by the wife of Henry Webb, Savanah Webb, was involved in an accident in which several persons sustained injuries. As a result of this accident, claims were made against Savanah Webb and Henry Webb. After demand upon it, Commercial Standard Fire and Marine Company settled the claims. Then Commercial Standard Fire and Marine Company filed suit against the plaintiff and its president, L. Gordon Davis, in the Circuit Court of St. Louis County, Missouri, alleging that plaintiff willfully and wrongfully breached the rules and regulations of Commercial Standard Fire and Marine Company in writing the automobile policy for Henry Webb and caused that company to be damaged in the amount of $12,200.
Plaintiff made demand upon this defendant, Commercial Standard Insurance Company, to defend that suit under the aforesaid errors and omissions policy, but the defendant refused to do so, and shortly thereafter the defendant cancelled the plaintiff's agency contract.
Plaintiff contends that the action of the defendant resulted in a breach of its contract to defend plaintiff under the errors and omissions policy. Plaintiff submits that the defendant acted in bad faith in refusing to defend the lawsuit filed by Commercial Standard Fire and Marine Company, and also in concurring and counseling with that company regarding it.
Defendant's position is that its errors and omissions policy did not insure the claim for damages asserted by Commercial Standard Fire and Marine Company in the St. Louis County suit, because the damage was not caused by a "negligent act, error or omission" of the plaintiff, but was the result of intentional and knowing acts on the part of its general manager, Mr. Carnas, done in an effort to secure insurance coverage under a preferred risk policy for an insured who Mr. Carnas knew was not qualified for such coverage.
In pertinent part the insurance contract between the plaintiff and the defendant reads:
"I. COVERAGE. To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay on account of any claim made against the Insured and caused by any negligent act, error or omission of the Insured or any other person for whose acts the Insured is legally liable in the conduct of their business * * * including all claims involving the liability of the Insured to any insurance Company for whom the Insured as an Agent has issued a Policy, Covernote or Binder resulting in a Company *968 being held liable for paying their Policyholder and thereafter claiming on the Insured in respect of such liability which but for the error or omission on the part of the Insured would not have involved liability on the Company concerned.
* * * * * *
"III. DEFENSE, * * * As respects such insurance as is afforded by the other terms of the Policy the Company shall
(a) Defend in his name and behalf any claim or suit against the Insured alleging such negligent act, error or omission and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the Company shall have the right to make such investigation and negotiation of any claim or suit as may be deemed expedient by the Company;
* * * * * *
"THIS POLICY DOES NOT APPLY:
"(a) To any dishonest, fraudulent, criminal or malicious act, libel or slander; * * *"
As the suit in the St. Louis County Circuit Court charges that the defendants, their agents, servants, and employees "willfully and wrongfully" disregarded and breached rules and regulations, and this Court finding that the acts of Mr. Carnas were not negligent acts, errors, or omissions, but were intentional, this Court holds that the defendant did not breach the errors and omissions policy and is not required under the terms of the insurance agreement to defend such a suit. Furthermore, this Court does find that the defendant did not act in bad faith in refusing to defend the suit. Therefore, plaintiff is not entitled to recover any damages from defendant for its refusal to defend.
This Court further holds that under the terms and conditions of the insurance agreement, the defendant would not be liable for any recovery against the plaintiff based upon a claim caused by an intentional act, but only upon that caused by any negligent act, error, or omission.
Plaintiff contends on behalf of itself and Mr. Davis, that the actions of Carnas were performed without the knowledge or direction of Davis and can have no imputation of a fraudulent, dishonest, or criminal act either to Davis or the plaintiff. This Court points out to plaintiff in connection to Mr. Davis' liability that he is being sued on a surety bond that he executed on behalf of the Commercial Standard Fire and Marine for any and all sums of money for which the agency may be liable. Concerning the imputation of Mr. Carnas' intentional acts to the plaintiff, it is now generally held that an agent's malice is imputable to the corporation, making the latter liable for malicious, willful, or criminal torts of its agents or employees within the scope of their employment. State on Inf. of Taylor v. American Ins. Co., 355 Mo. 1053, 200 S. W.2d 1 (Mo.1946); State ex rel. United Factories, Inc., v. Hostetter, 344 Mo. 386, 126 S.W.2d 1173 (1939); Simmons v. Kroger Grocery & Baking Co., 340 Mo. 1118, 104 S.W.2d 357 (1937); 19 Am.Jur.2d Corporations § 1428; 19 C.J. S. Corporations § 1263. See also Tietjens v. General Motors Corp., 418 S. W.2d 75 (Mo.1967).
The General rule that a principal is liable for the fraud and misrepresentation of his agent while acting within the scope of his authority or employment is fully applicable to corporations, even though the corporation did not authorize or concur in, or could not even be deemed to know of the fraud. State v. American Ins. Co., supra; 37 Am. Jur.2d Fraud and Deceit § 231; 19 C.J. S. Corporations § 1278.
Plaintiff also claims damages by reason of the defendant's action in cancelling its agency contract, but the plaintiff *969 has failed to plead and prove any breach of the agency contract on the part of the defendant.
For the foregoing reasons, judgment will be entered for defendant with costs taxed to the plaintiff.